**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

John Beckstrand,                                        Civ. No. 25-2492 (JWB/JFD)

      Plaintiff,

v.

                                           **ORDER GRANTING**

Delta Airlines Inc.,                                   **MOTION TO DISMISS**

      Defendant.

---

Aaron Mark Bostrom, Esq., and Pamela Abbate Dattilo, Esq., Eckland & Blando LLP, counsel for Plaintiff.

Ben D. Kappelman, Esq., Briana Al Taqatqa, Esq., and Julian Nunally, Esq., Dorsey & Whitney LLP, counsel for Defendant.

---

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.) After the motion was filed, Plaintiff retained counsel and filed a response that materially changes the posture of the case. Plaintiff now seeks to withdraw all federal claims and instead pursue newly proposed state-law theories. (Doc. No. 32.)

That request controls the disposition. The operative Complaint asserts only federal causes of action. With those claims withdrawn, nothing remains for adjudication on the present pleading.

The federal claims are dismissed. This Court therefore does not resolve the parties' dispute over timeliness, exhaustion, or the proper treatment of materials referenced in the motion. Those issues are unnecessary for disposition.

Plaintiff also asks, within his response brief, for leave to amend to assert state-law claims. (Doc. No. 32 at 7–12.) That request is not properly presented. A request for a court order must be made by motion. Fed. R. Civ. P. 7(b)(1). And once the time to amend as a matter of course has passed, amendment requires either consent or leave of court. Fed. R. Civ. P. 15(a)(2). A complaint may not be amended through briefing filed in opposition to a motion to dismiss. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

In any event, the proposed amendment would fundamentally change the case. Plaintiff does not seek to refine the existing claims but to replace them entirely with new state-law causes of action. At this stage—before any scheduling order, discovery, or answer—the appropriate course is not to convert this action into a different lawsuit, but to require that any new claims be brought in a separate, properly filed complaint.

Because no claim remains within this Court's jurisdiction, the action is dismissed. To the extent any state-law claims are contemplated, this Court declines to retain jurisdiction over them. *See* 28 U.S.C. § 1367(c). Plaintiff's request to amend is denied without prejudice to filing a new action asserting whatever claims he believes are viable.

## ORDER

Based on the above, and on the file, record, and submissions in this case,

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED IN PART** as set forth above.

2. The Complaint (Doc. No. 1) is **DISMISSED**.

3.    Plaintiff's request for leave to amend is **DENIED WITHOUT**

**PREJUDICE** to filing a new action.

4.    The hearing set for May 5, 2026, is **CANCELED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 24, 2026                    *s/ Jerry W. Blackwell*
                                        JERRY W. BLACKWELL
                                        United States District Judge